IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
MAR 14 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**ALLAN THOMAS PETIT,**

    Petitioner,

v.                                            Civil Action No. **3:15CV308**

**HAROLD CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Allan Thomas Petit, a former Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1) challenging his September 7, 2012 misdemeanor driving under the influence conviction in the General District Court of the City of Virginia Beach (hereinafter, "General District Court"). Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Petit has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 12) will be GRANTED.

## I. PERTINENT PROCEDURAL HISTORY

### A.    Pertinent Criminal Proceedings

Petit has a long history of driving under the influence of alcohol. On October 29, 2003, the Circuit Court of the City of Virginia Beach ("Circuit Court") found Petit guilty of driving under the influence of alcohol or drugs, fourth or subsequent offense. (ECF No. 13-1, at 1.) By Order entered on March 3, 2004, the Circuit Court sentenced Petit to five years of incarceration with all but one year and nine months suspended. (ECF No. 13-2, at 1-2.)

In 2012, the Petit was convicted in the General District Court of misdemeanor driving under the influence. (ECF No. 13-4, at 1-2.) By Order entered on September 7, 2012, the General District Court imposed an active sentence of 90 days of incarceration. (*Id.*)[1] Petit filed no appeal of this conviction.

### B. State Habeas Proceedings

On February 14, 2014, Petit filed a petition for a writ of habeas corpus with the Circuit Court wherein he sought to challenge both his 2012 misdemeanor conviction of driving under the influence and a June 20, 2013 Order of the Circuit Court revoking his previously suspended sentence. (ECF No. 13-7, at 1-2.) By Final Order entered on July 15, 2014, the Circuit Court denied Petit's habeas petition. (ECF No. 13-9, at 7.) Petit appealed. On April 21, 2015, the Supreme Court of Virginia rejected that appeal. (ECF No. 13-11, at 1.)

### C. § 2254 Petition

On or about May 11, 2015, Petit filed his § 2254 Petition with this Court.[2] (§ 2254 Pet. 15.) In his § 2254 Petition, Petit asserts the following claims for relief:[3]

---

[1] As a result of the above misdemeanor conviction, on June 19, 2013, the Circuit Court conducted a hearing to assess whether Petit had violated the terms of his suspended sentence. (ECF No. 13-6, at 1.) By Order entered on June 20, 2013, the Circuit Court found Petit to be in violation of the terms of his suspended sentence and imposed the unserved portion of the sentence imposed on March 3, 2004. (*Id.*) Petit challenged his 2013 Circuit Court revocation in another action filed in this Court, *Petit v. Clarke*, 3:15CV309 (E.D. Va. filed May 21, 2015). Thus, any attempt to challenge that revocation in the instant petition is improper. *See* Rules Governing § 2254 Cases in the United States District Courts, Rule 2(e) ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.") Accordingly, the Court omits Petit's references to the 2013 Circuit Court revocation in this opinion.

[2] This is the date that Petit signed his § 2254 Petition. While Petit crossed out the section of the § 2254 Petition form that indicated that May 11, 2015 was the day that he placed the petition in the prison mailing system, the Court assumes he mailed it this day and the Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court corrects the capitalization and spelling in the quotations from Petit's submissions.

2

    Claim One    "Retraction of plea/unknowing and unintelligent plea under duress." (*Id.* at 6.)

    Claim Two    "Ineffective assistance of counsel." (*Id.* at 7.) "The appellant [received] ineffective assistance of counsel by the court appointed public defender, Gregory Evans, at . . . the General District Court on 9-7-2012 for the misdeamor DUI (2nd) . . . . (§ 2254 Pet. Attach. 22, ECF No. 1-2.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Petit's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   - **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   - **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   - **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   - **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B. Commencement and Running of the Statute of Limitations

The General District Court entered judgment on September 7, 2012, and Petit had ten days to note his appeal to the Circuit Court. *See* Va. Code Ann. § 16.1-132 (West 2015). Petit did not note an appeal. Accordingly, his judgment became final on Monday, September 17, 2012, when the time to file an appeal to the Circuit Court expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see Elkins v. Virginia*, No. 7:12-cv-00431, 2012 WL 6697927, at *1 (W.D. Va. Dec. 22, 2012); *Visikides v. Dir., Dep't of Corr.*, No. 1:11CV1233 (JCC/TRJ), 2012 WL 3026232, at *2 (E.D. Va. July 23, 2012) (holding that judgment is final for § 2254 on date on which the time for filing an appeal to the circuit court expired). The limitation period began to run on September 18, 2012, and continued to run for 511 days until Petit filed his state petition for a writ of habeas corpus on February 11, 2014. *See* 28 U.S.C. § 2244(d)(2).

## C. Statutory Tolling

Despite filing a state habeas petition, Petit lacks any entitlement to statutory tolling for his state habeas petition because the federal limitations period had already expired on September 18, 2013. *Deville v. Johnson*, No. 1:09cv72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Accordingly, the § 2254 Petition is barred unless Petit demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)-(D) or some equitable exception to the limitation period. In a confusing manner, Petit argues that his § 2254 Petition is timely because he only "became aware of § 18.2-268.3 refusal[] statute[]"[4] when he "for the [first] time received

---

[4] This statute makes it "unlawful for a person who is arrested for a violation of § 18.2-266 [driving under the influence of alcohol] . . . to unreasonably refuse to have samples of his blood

4

copies of the arrest reports . . . and upon careful examination of said documents discovered the incompleted refusal sections, and timely filed his writ of habeas to the Va. Beach Cir. Court on 2-11-2014." (Resp. 3-4, ECF No. 16.) Petit continues that "[t]he Commonwealth offered a plea on 9-7-2012 at the Gen. Dist. Court for DUI without disclosing to [Petit] nor the Court that the charge of DUI was invalid due to law enforcement's disregard for state statute § 18.2-268.3 refusal." (*Id.* at 7.) At the beginning of his argument, Petit cites a state case that discusses a "factual predicate for a late filing based on previously known information." (*Id.* at 2.) Thus, the Court construes Petit to argue that he is entitled to a belated commencement under § 2244(d)(1)(D) because he only discovered the purported error in his arrest warrant, and the error's legal significance, after he received a copy of his arrest warrant in March of 2014.

### D. Belated Commencement

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (permitting belated commencement to the date when petitioner, acting with reasonable diligence, could have discovered that he retained a right to appeal). Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *See Wims v. United States*, 225 F.3d 186, 190-91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make *reasonable* efforts to discover the facts

---

or breath or both blood and breath taken for chemical tests to determine the alcohol or drug content of his blood . . . and any person who so unreasonably refuses is guilty of a violation of this section." Va. Code Ann. § 18.2-268.3(A). The statute also sets forth a procedure for officers when a person refuses to provide a breath or blood sample. *See id.* § 18.2-268.3(B)-(C). Petit admits that he was not convicted of this code section, but also argues that the arresting officer failed to follow the procedures set forth in the statute.

5

supporting his claims." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (citing *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Petit fails to demonstrate that he acted with due diligence in several regards.

First, a habeas applicant who, like Petit, "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date on which the limitation period commenced under 28 U.S.C. § 2244(d)(1)(A). *See id.* at 1540-41 (rejecting petitioner's assertion that he could not have discovered his new *Brady* claim prior to filing his first § 2254 petition). Here, while Petit claims that he only learned that the arresting officer failed to follow proper procedure through the incomplete sections in the arrest warrant, he fails to offer any facts tending to show he acted with diligence with respect to this claim. *See id.* Petit fails to explain adequately why he only obtained copies of his arrest warrant in 2014. While Petit states that "counsel's advice never revealed law enforcement's non-adherence to state statute," (Resp. 5), Petit never indicates that he made any effort to obtain the arrest warrant from the court or his case file from counsel. Petit's prolonged "inaction is incompatible with a finding of due diligence." *Wood v. Spencer*, 487 F.3d 1, 5-6 (1st Cir. 2007) (citations omitted). For this reason alone, Petit fails to demonstrate that he acted with diligence in pursuing his claim.

Second, Petit was aware at the time of his arrest that he provided no breath or blood sample to police. Petit was also aware that the arresting officer had not charged him with a violation of the refusal statute prior to his conviction. Thus, Petit was aware of the facts underlying his claim in 2012, but simply failed to understand their purported legal significance

until 2014. However, the limitations period commences when the petitioner "knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes [its] legal significance." *McKinney v. Ray*, No. 3:07cv266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008) (citing *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see also United States v. Gadsen*, 332 F.3d 224, 226-27 (4th Cir. 2003) (applying rule to § 2255(f)(4)). The factual circumstances underlying Petit's two claims were either known to Petit prior to his conviction in September 2012, or were readily available to him at that time. Petit fails to demonstrate entitlement to a belated commencement of the limitation period.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 12) will be GRANTED. Petit's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED. The Court will deny a certificated of appealability.[5]

An appropriate Final Order shall issue.

Date: March 14, 2016
Richmond, Virginia

/s/ Roderick C. Young
United States Magistrate Judge

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petit fails to meet this standard.